IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EAST POINTE APARTMENTS, | : | |
| | : | Civ. Action No. 14-591-RGA |
| Plaintiff, | : | Court of Common Pleas Court of the State |
| | : | of Delaware in and for New Castle County |
| v. | : | No. CPU4-14-000842 |
| | : | Justice of the Peace Court of the State of |
| KIM MCMANUS, | : | Delaware in and for New Castle County |
| | : | No. JP13-13-014076 |
| Defendant. | : | |

Kim McManus, Claymont, Delaware. Pro se Plaintiff.

**MEMORANDUM OPINION**

August 14, 2014
Wilmington, Delaware

ANDREWS, U.S. District Judge:

On May 12, 2014, Defendant Kim McManus filed a Notice of Removal from the Court of Common Pleas of the State of Delaware in and for New Castle County. (D.I. 2). For the reasons discussed below, the Court determines that it lacks subject matter jurisdiction and will summarily remand the case.

The removal statute provides that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Plaintiff did not comply with the procedure for removal of civil actions and failed to provide the Court with a copy of the initial pleadings filed in State Court. However, attached to the notice of removal is an Order that indicates Defendant was sued by her landlord Plaintiff East Pointe Apartments for back rent and possession and that she filed a retaliation counterclaim against Plaintiff. (See D.I. 2 Justice of the Peace Court March 12, 2014 Order).

On December 12, 2013, the Justice of the Peace Court of the State of Delaware in and for New Castle County dismissed without prejudice Plaintiff's claim and dismissed with prejudice Defendant's claims. (See Id.). Defendant appealed and sought a trial de novo in the Justice of the Peace Court before a three-judge panel. The three-judge panel Order, entered March 12, 2014, explained that this was the

1

second summary possession action filed against Defendant. The first action, filed June 24, 2013, resulted in judgment in favor of Plaintiff for rent and late fees through August 31, 2013, and rejected Defendant's retaliation claim. The three-judge panel affirmed dismissal of the second summary possession, noting that Plaintiff's complaint, filed October 23, 2013, was defective in that it failed to place Defendant on notice of the reason for the suit and did not list the sum demanded with some accuracy. The three-judge panel also determined that Defendant's counterclaim was barred by res judicata. Along with the notice of removal, Defendant provided the Court with an Order entered by the Court of Common Pleas for the State of Delaware in and for New Castle County, dated April 29, 2014, denying a motion to reopen. (*See* D.I. 2 Court of Common Pleas Apr. 29, 2014 Order). The Order states that Defendant has appealed a consolidated debt and summary possession from the JP Court and that jurisdiction lies with the Superior Court. (*Id.*). Plaintiff recently filed a motion to stay the instant matter pending the outcome of the appeal. (D.I. 5).

In order for a case to be removable to the district court, the Court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

2

The notice of removal provides no basis for removal. Moreover, the Court does not have before it the original complaint or counterclaim for review. Nonetheless, there does not appear to be a federal question. In addition, an attachment to the Justice of the Peace Court's March 12, 2014 Order indicates that Plaintiff has a Delaware address, as does Defendant and, hence, the parties are not diverse.

Because the parties are not diverse and there is no federal question, this Court does not have jurisdiction over this action. Therefore, the Court will dismiss as moot the motion to stay (D.I. 5) and will summarily remand the case to the Court of Common Pleas of the State of Delaware in and for New Castle County pursuant to 28 U.S.C. § 1447(c).[1]

An appropriate Order will issue.

---

[1]Defendant's Notice of Removal states that this matter was removed from the Court of Common Pleas. (D.I. 2).

3